Ahmed v. Holder

BIA
Abrams, IJ
A093 247 671

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

———————————————————————————————

ZAKIR AHMED,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————

10-2940-ag (L)
10-4914-ag (Con)
NAC

FOR PETITIONER: Khagendra Gharti-Chhetry, New York, N.Y.

FOR RESPONDENT: Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Zakir Ahmed, a native and citizen of Bangladesh, seeks review of a June 22, 2010 decision of the BIA affirming the May 15, 2009 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Ahmed's application for cancellation of removal. *In re Zakir Ahmed,* No. A093 247 671 (B.I.A. June 22, 2010), *aff'g* No. A093 247 671 (Immig. Ct. N.Y. City May 15, 2009). Ahmed also seeks review of a November 15, 2010 decision of the BIA denying his motion to reopen and reconsider. *In re Zakir Ahmed,* No. A093 247 671 (B.I.A. Nov. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case. Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Cancellation of Removal

In order for an alien who is not a lawful permanent resident to demonstrate eligibility for cancellation of

removal, he must demonstrate, *inter alia*, that his removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.  8 U.S.C. § 1229b(b)(1)(D).  Although we generally do not have jurisdiction to review the agency's "exceptional and extremely unusual hardship" finding, *see* 8 U.S.C. § 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–39 (2d Cir. 2008), we retain jurisdiction to review questions of law, including a claim that a hardship finding rests on fact-finding that "is flawed by an error of law."  *See* 8 U.S.C. § 1252(a)(2)(D); *Mendez v. Holder*, 566 F.3d 316, 322–23 (2d Cir. 2009) (internal quotation marks and citations omitted).  When "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked . . . an error of law has occurred."  *Mendez*, 566 F.3d at 323.

Ahmed argues that the agency erred as a matter of law by overlooking evidence he submitted, and by not considering certain factors relevant to the hardship determination. Specifically, Ahmed contends that the agency overlooked evidence regarding his finances and country conditions in Bangladesh.  Because Ahmed's children would return to Bangladesh with Ahmed, conditions in Bangladesh are relevant

3

to the hardship determination.  *See Matter of Recinas*, 23 I. & N. Dec. 467, 468 (BIA 2002).  Moreover, Ahmed's assets and finances are relevant because that information helps to illustrate how difficult a transition to life in Bangladesh might be for the family.  *See Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 324 (BIA 2002).

Having reviewed the BIA decision, however, we conclude that the agency did not overlook or ignore this evidence. The BIA noted that Ahmed had asserted on appeal that the IJ's decision was flawed "because he failed to consider the potential difficulty the children will have with regard to their education and/or simply adjusting to life in another country in assessing the hardship in this case." *See In re Zakir Ahmed*, No. A093 247 671, at *2 (B.I.A. June 22, 2010). The BIA stated that it was "unpersuaded" by this argument, because "[t]he types of 'hardships' to which [Ahmed referred] generally do not constitute the exceptional and extremely unusual hardship required under the statute."  *Id.* Because the BIA specifically stated that it was unpersuaded by Ahmed's argument regarding his children's adjustment to life in Bangladesh, we presume it considered all the evidence regarding that issue.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all

4

of the evidence before [it], unless the record compellingly suggests otherwise."). Ahmed has not raised any other claim of legal error with respect to the denial of cancellation.

## II. Motion to Reopen

The BIA did not abuse its discretion in denying Ahmed's motion to reopen and reconsider. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing," and Ahmed did not establish that the psychological report he submitted was unavailable at the time of his proceedings before the IJ. *See* 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). Furthermore, the psychological report provided only that Ahmed's children are "mildly clinically depressed and anxious" about Ahmed's removal, an analysis which is unlikely to affect the agency's determination regarding whether they would suffer exceptional and extremely unusual hardship if their father were removed. *See Recinas*, 23 I. & N. Dec. at 470 ("[T]he exceptional and extremely unusual hardship standard for cancellation of removal applicants constitutes a high threshold that is in keeping with Congress' intent to substantially narrow the

5

class of aliens who would qualify for relief."); *Matter of Coelho*, 20 I. & N. Dec. 464, 472–73 (BIA 1992) (the BIA will grant a motion to reopen only when it is satisfied that "if proceedings before the IJ were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case").  Moreover, to the extent that Ahmed's motion requested reconsideration, he did not argue any errors of law or fact which would warrant reconsideration.  *See* 8 C.F.R. § 1003.2(b)(1); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) ("[T]he BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected.").

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, the pending motions for stays of removal in these petitions are DENIED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

6